UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUMINANT ENERGY COMPANY LLC, <br><br> Plaintiff, <br><br> v. <br><br> KOCH ENERGY SERVICES, LLC, <br><br> Defendant. | Civ. No.:  1:21-cv-3335-DLC <br><br> **PROTECTIVE ORDER** |

**DENISE COTE**, United States District Judge

WHEREAS, certain information and documents may be sought, produced, or exhibited by and among the parties to the above-captioned action (the "Action"), or by third parties in connection with the Action, which the party making the production believes in good faith to constitute trade secrets, proprietary business information, competitively sensitive information, or non-public personal medical or financial information;

WHEREAS a protective order would facilitate the production, exchange, and discovery of documents, testimony, and information in connection with the Action while preserving the parties' respective positions as to whether or not particular documents, testimony, or information (i) merit confidential treatment, and/or (ii) are appropriately disclosed or used in, or for the purpose of, other proceedings; and

WHEREAS this matter has come before the Court for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any party and their

1

respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and good cause having been shown;

**IT IS hereby ORDERED that:**

1. This Protective Order shall govern the handling of documents and all other information produced by or between the parties to the Action or by third parties in connection with the Action, including all documents and information produced pursuant to interrogatories, depositions, requests for production of documents, subpoenas, requests for admissions, or other requests for disclosures (whether formal or informal), and all information provided, submitted, or exhibited by the parties hereto or third parties in connection with any evidentiary hearings or other proceedings conducted during the course of the Action.

2. As used herein:

    (a) "Confidential Information" shall mean all documents, communications, testimony, and information designated as "Confidential" or "Highly Confidential" by any party pursuant to the terms of this Protective Order, including the contents and all copies, excerpts, extracts, and summaries of such documents, testimony, and information, provided that such designation has not been successfully challenged and finally revoked pursuant to paragraph 11 herein.

    (b) "Producing Party" shall mean the parties to this Action and any third parties producing "Confidential Information" in connection with depositions, document production, or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the party to this Action and/or any nonparty receiving "Confidential Information" in connection with depositions, document production, or otherwise.

(d) "Qualified Person" shall mean any person authorized to receive or review Confidential Information pursuant to paragraphs 7 or 8 herein.

3. The person designating any discovery material as "Confidential" may designate as "Confidential" only material that consists of (a) financial information previously nondisclosed to the public (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins); (b) material previously nondisclosed to the public relating to ownership or control of any nonpublic company; (c) business plans, product development information, or marketing plans previously nondisclosed to the public; (d) commercially sensitive and/or proprietary actuarial information previously nondisclosed to the public; (e) any information of a personal or intimate nature regarding any individual, including information required to be redacted in public filings pursuant to Federal Rule of Civil Procedure 5.2, and personal identifying information protected from disclosure by federal or state privacy laws; (f) any other information of a proprietary or confidential nature within the meaning of Federal Rule of Civil Procedure 26; or (g) any other category of information hereinafter given confidential status by the Court.

4. The person designating any discovery material as "Highly Confidential" may designate as "Highly Confidential" any discovery material containing sensitive, confidential, or non-public information, the disclosure of which to a Receiving Party or its employees or affiliates, or to a third party, would create a substantial risk of competitive or business injury to the Producing Party.

3

5. Any party, subpoenaed nonparty, or other third party whose information may be disclosed in connection with this Action may designate documents produced, testimony given, or other information exchanged in connection with this Action as "Confidential" or "Highly Confidential" either by notation on the document, statement on the record of a deposition or other proceeding in this Action, designation pursuant to paragraph 10 or 12 herein, or written advice to the respective undersigned counsel for the parties hereto. Electronic documents and information, if any, shall be designated as "Confidential" or "Highly Confidential" by any of the foregoing methods or pursuant to a procedure to be agreed upon by the parties.

6. All Confidential Information shall be used solely for the purpose of this Action, and no person receiving such Confidential Information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Confidential Information to any person other than Qualified Persons; provided, however, that (a) the foregoing shall not apply to Confidential Information that is or becomes a part of the public record, otherwise than through a violation of this Protective Order, ~~and (b) Confidential Information may be used in litigation or dispute resolution proceedings by or against either party or its affiliate(s) arising out of the same nucleus of operative facts, subject to Luminant's obligation to abide by the same protections in those proceedings and to request the other courts to enter substantially similar protective orders. Once an appropriate confidentiality order is entered in a proceeding covered by clause (b), the orders of the presiding court or arbitrator shall govern the use Confidentiality Information in that proceeding, not this Protective Order.~~

7. Except with the prior written consent of the Producing Party or by order of the Court, any discovery material designated as "Confidential" shall not be furnished, shown, or disclosed to any person or entity except to:

4

(a) the parties in this Action, provided that access to such material shall be limited to those employees, officers, or directors of the parties who are assisting such party in this Action;

(b) affiliates of the parties to this Action, provided that access to such material shall be limited to those employees, officers, or directors of such affiliates who are assisting in this Action;

(c) counsel for the parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, and are under the supervision or control of such counsel;

(d) persons shown on the face of the document to have authored the document or received it prior to commencement of the Action;

(e) copying, imaging, computer services, and/or litigation support services who are bound to protect Confidential Information either by their services contract with counsel or the Receiving Party or by execution of the confidentiality agreement attached hereto as Exhibit A;

(f) any agreed-upon or ordered mediator and that mediator's personnel;

(g) persons whom counsel of record for a party in good faith believes are likely to be called to give testimony, through deposition, affidavit, or at trial, on matters relating to Confidential Information; provided, however, that such information is furnished, shown, or disclosed in accordance with paragraph 9 herein;

(h) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 9 herein;

(i) the Court and court personnel, provided that the Confidential Information is filed in accordance with paragraph 13 herein or otherwise disclosed in accordance with paragraph 14 herein;

(j) an officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraph 15 herein;

5

    (k)    trial and deposition witnesses, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraphs 14 and 15, respectively, herein; and

    (l)    any other person agreed to in writing by the parties.

8.   Absent written authorization from all parties or leave of Court, any discovery material designated as "Highly Confidential" shall not be furnished, shown or disclosed to any person or entity except to:

    (a)    outside counsel for the parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, and are under the supervision or control of such counsel;

    (b)    no more than three in-house counsel of a Party and that Party's in-house litigation support services;

    (c)    persons shown on the face of the document to have authored the document or received it prior to commencement of the Action;

    (d)    copying, imaging, computer services, and/or litigation support services who are bound to protect Confidential Information either by their services contract with counsel or the Receiving Party or by execution of the confidentiality agreement attached hereto as Exhibit A;

    (e)    any agreed-upon or ordered mediator and that mediator's personnel;

    (f)    expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 9 herein;

    (g)    the Court and court personnel, provided that the Confidential Information is filed in accordance with paragraph 13 herein or otherwise disclosed in accordance with paragraph 14 herein;

    (h)    an officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraph 15 herein;

Case 1:21-cv-03335-DLC Document 40-1 Filed 08/06/21 Page 7 of 15

    (i)    trial and deposition witnesses, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraphs 14 and 15, respectively, herein; and

    (j)    any other person agreed to in writing by the parties.

9. Subject to paragraph 15, before any disclosure of Confidential Information is made to any person pursuant to paragraph 7(g), 7(h), 7(l), or 8(f), 8(i), or 8(j) herein, such person must execute a confidentiality agreement in the form of Exhibit A attached hereto. Counsel shall maintain the executed confidentiality agreements required by this Protective Order and supply a copy to counsel for the other party upon request; provided, however, that with respect to experts and consultants, counsel for the party shall not be required to supply a copy to counsel for the other party unless and until that expert is disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.

10. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" or "Highly Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation. Any party producing such improperly designated documents shall make reasonable attempts to retrieve such documents from persons not entitled to receive those documents.

11. With respect to objections to designations of documents and information as "Confidential" or "Highly Confidential," a party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Highly Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this Action disagrees at any stage of these proceedings with the designation by the Producing Party of any

7

information as "Confidential" or "Highly Confidential," or the designation of any person as a Qualified Person, that party may serve upon counsel for the designating party a written notice stating with particularity the grounds for the objection. The parties and any affected protected person shall then discuss this contention and attempt to resolve the disagreement over the classification of the material. If the parties and the affected protected person cannot resolve the matter within ten (10) business days, the designating party must submit a motion to the Court for resolution. A party or nonparty may challenge the designation of confidentiality at any time that is consistent with the Court's scheduling order in this Action. Pending the resolution of such motion by the Court and any subsequent appeal therefrom, the parties agree to treat the information that is the subject of the motion in accordance with the Producing Party's designation. The Producing Party shall at all times carry the initial burden of establishing that the contested information merits a "Confidential" or "Highly Confidential" designation.

12. All depositions, the information disclosed therein, and the transcripts thereof shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such thirty-day period, any party who claims some part of the deposition shall be classified as "Confidential" or "Highly Confidential" shall notify all of the parties in writing of the specific pages and lines of the transcript which should be treated as Confidential Information thereafter, including the appropriate tier of confidentiality.

13. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Confidential Information, shall follow the procedures

8

of this Court for seeking leave to file documents under seal so as to prevent the disclosure of Confidential Information to persons other than Qualified Persons. The party who designated the documents "Confidential" or "Highly Confidential" will have the obligation to justify any sealing request.

14. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as agreed to by the parties or as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

15. Any deposition witness who will be given access to Confidential Information shall, prior thereto, be provided with a copy of this Protective Order and counsel shall make reasonable efforts to have such person execute a confidentiality agreement in the form of Exhibit A attached hereto. If unable to obtain an executed confidentiality agreement from such person, counsel shall immediately and prior to the deposition provide notice to counsel for the other party and such party may seek relief from the Court regarding the terms and conditions under which Confidential Information may be disclosed to the witness in the deposition. Alternatively, counsel for the parties may agree that Confidential Information is adequately protected by such person's existing obligations to maintain the confidentiality of such information. Nothing herein, however, shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information. Further, no executed confidentiality agreement shall be required to show a current officer or employee of a party any Confidential Information that was disclosed by that party, provided that

such Confidential Information is reasonably necessary and relevant to eliciting the testimony of such officer or employee.

16. A party may designate as Confidential Information subject to this Protective Order any document, information, or deposition testimony produced or given by any nonparty to this case, or any portion thereof, where such information has not already been designated as "Confidential" or "Highly Confidential" by the nonparty.

17. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this Action or in any other action, proceeding, or investigation, or to any other party.

18. In the event that the Receiving Party is requested or required (by oral questions, interrogatories, requests for information or documents in a legal proceeding, subpoena, civil investigative demand, other similar process, or rule of law) to disclose any Confidential Information in another action or proceeding, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order, provided, however, that nothing in this Protective Order shall be interpreted to obligate the Receiving Party to seek such a protective order or other remedy.

19. Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, in the event a Producing Party inadvertently discloses information subject to the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity, the disclosure of the inadvertently disclosed information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed

information and its subject matter. Where it appears on its face that the information was inadvertently disclosed, or the Producing Party informs the Receiving Party that privileged information has been disclosed, the Receiving Party (i) must promptly return or destroy the specified information except for one copy for the purpose of contesting the claim of privilege, (ii) must not use or disclose the information until the claim is resolved, (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the Receiving Party was notified and prevent any further dissemination of the information, and (iv) may promptly present the information to the Court for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

20. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may immediately apply to the Court to obtain relief, including, without limitation, injunctive relief against such person. The existence, if any, of an adequate remedy at law shall not preclude the applying party from obtaining such relief.

21. This Protective Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any provision of the Protective Order. The provisions of this Protective Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Action. The Court expressly retains jurisdiction over this Action for enforcement of the provisions of this Protective Order following the final resolution of the Action.

22.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

23.     Within sixty (60) days after entry of an order, judgment, or decree finally disposing of this Action, all Confidential Information produced or designated and all reproductions thereof, shall, subject to the exceptions below, be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary: (a) to the extent the parties are still engaged in active litigation in a different forum regarding legal claims arising out of the same nucleus of operative facts, then the Receiving Party may continue to maintain Confidential Information until there are final judgment(s) disposing of all claims and all parties, (b) counsel of record for the parties may retain all pleadings, motion papers, discovery responses, deposition transcripts, deposition and trial exhibits, legal memoranda, correspondence, work-product, and attorney-client communications that include or are derived from Confidential Information and (c) a party shall not be required to locate and delete archived copies of emails with its counsel of record, regardless of whether such communications may contain, or be derived from, the Producing Party's Confidential Information. This Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts

specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

24. This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

25. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

26. When serving any subpoena in this Action on a nonparty to the Action, a copy of this Protective Order shall be included with the subpoena.

27. This Protective Order shall be binding upon any future party to the Action.


**SO ORDERED ON** _August 6_, 2021

_____
DENISE COTE
United States District Judge

13

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUMINANT ENERGY COMPANY LLC,<br><br>Plaintiff,<br><br>v.<br><br>KOCH ENERGY SERVICES, LLC,<br><br>Defendant. | Civ. No.:  1:21-cv-3335-DLC<br><br><br>**CONFIDENTIALITY AGREEMENT** |

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order entered in the above-entitled action.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with and agree to be bound by all of the provisions of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

Executed on _____          _____
               (Date)                              (Signature)

2